OPINION
This appeal is brought by Gerald Reedy from the judgment of the Court of Common Pleas, Shelby County, sentencing him to a five year prison term.
On September 18, 2001, Gerald Reedy plead guilty to one count of Sexual Battery in violation of R.C. 2907.03, a third degree felony. The charges arose out of allegations that Reedy forced his stepdaughter, age 11, to engage in sexual activity with him. On October 23, 2001 Reedy was sentenced to the maximum prison term of five years.
Appellant raises the following assignments of error:
 The Trial Court erred as a matter of law by imposing a maximum sentence to the Appellant which is contrary to R.C. 2929.11 though R.C. 2929.19.
Appellant's sole argument on appeal is that the trial court failed to establish the requisite factors justifying the imposition of the maximum sentence for Sexual Battery. We do not find Appellant's argument well taken.
An appellate court is to review the propriety of a trial court's felony sentencing decisions and substitute its judgment only upon finding clear and convincing evidence that, in relevant part, the record does not support the sentencing court's findings or is otherwise contrary to law.State v. Martin (1999), 136 Ohio App.3d 355, 361. Moreover, as the trial court has the best opportunity to examine the demeanor of the defendant and evaluate the impact of the crime on the victim and society, it is in the best position to make the fact-intensive evaluations required by the sentencing statutes. Id.
The general purpose of sentencing is to punish the offender while protecting the public from future offenses. R.C. 2929.11. Accordingly, when sentencing a defendant who has been convicted of a felony, the trial court must evaluate the factors set forth in 2929.12(B) and (C) relating to the "seriousness of the conduct." The court must also evaluate the factors set forth in 2929.12(D) and (E) relating to the "likelihood of the offender's recidivism. State v. Gibson (Oct. 22, 2001), Auglaize App. No. 2-01-15, unreported.
A trial court may only impose a maximum sentence upon those who have committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under, and upon certain repeat violent offenders. R.C.2929.14(C). The sentencing court must give reasons on the record for sentencing an offender to the maximum term as listed in R.C. 2929.14(C). R.C. 2929.19(B)(2)(d); State v. Edmondson (1999), 86 Ohio St.3d 324.
At the sentencing hearing below, the trial court observed that Reedy had failed to show genuine remorse, that he continued to deny responsibility and thereafter made the following finding:
 "The Court feels that you — you violated your step daughter in the worst way possible, both physically and psychologically, and that you committed the worst form of the offense."
On appeal Reedy argues that the trial court did not elaborate fully on its findings. Reedy further points out that his actions did not require that he be classified a sexual predator so therefore his actions could not be the worse form of the offense.
We find that the trial court complied with the R.C.2929.14(C) and R.C.2929.19(B)(2)(d). Further elaboration on the physical and psychological damage inflicted upon the victim was not necessary. Moreover, the fact that Reedy was not classified a sexual predator is irrelevant to a finding that he committed the worst form of the offense. One can commit the worst form of Sexual Battery without necessarily rising to the level of a sexual predator.
Accordingly, Appellant's assignment of error is overruled. For the reasons stated it is the order of this Court that the judgment of the Court of Court of Common Pleas, Shelby County is AFFIRMED.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.